AMERICAN COLONIAL BANK OF PORTO RICO
*v.* THE REGISTRAR OF PROPERTY.

## APPEAL from a decision of the Registrar of Property of Caguas.

No. 10.—Decided November 27, 1903.

PARTNERSHIP IN LIQUIDATION—PERSONALITY THEREOF.—The personality of an association that has been dissolved continues under the representation of the liquidators appointed by the partners thereof for the purposes of the liquidation mentioned in article 228 of the Code of Commerce.

CONTRACTS—PERSONALITY OF THE PARTIES—CURABLE DEFECTS.—Failure to show the authorization of one of the parties executing a deed does not nullify the obligation contained therein, and is therefore a curable defect which does not preclude the admission of the deed to record in the Registry of Property.

### STATEMENT OF THE CASE.

By public deed executed in this city before Juan de Guzmán Benítez, a lawyer and notary public, dated October 6, 1902, the firm doing business in San Juan under the style of "R. Fabián & Co. in Liquidation", represented by the partner and liquidator thereof, Joaquin Villamil y Méndez, sold to the American Colonial Bank of Porto Rico, represented in said transaction by Edwin L. Arnold, cashier thereof, the share belonging to aforesaid firm of "R. Fabián & Co. in Liquidation", valued at eight hundred and twenty-three dollars and forty-five cents, in a farm situated in *barrio* "Pasto", municipality of Morovis, consisting of nine hundred and ninety-one and eighty-eight *cuerdas*, the whole valued at seven thousand five hundred dollars, and owned by them in common with aforesaid bank; and said public deed having been presented at the Registry of Property of Caguas, for the purpose of having the same recorded, the admission thereof to record was refused by the Registrar for the reasons set forth in the decision entered at the end of aforesaid deed which reads as follows:

"The record of the above deed (folio 94 reverse, volume 15, of the municipal corporation of Barros, property No. 733, entry letter A.) is suspended

"Suspendida la inscripción del precedente documento, al folio 94 vuelto del tomo 15 del Ayuntamiento de Barros, finca número 733, anotación letra A., por los defectos insubsanables de aparecer inscrita dicha finca, digo la participación ó condominio de dicha finca á nombre de la sociedad "R. Fabián & Ca.," persona distinta de la vendedora que lo es la sociedad "R. Fabián & Ca., en liquidación," y el de no aparecer acreditada en el expresado documento, la representación que ostenta Don Edwin L. Arnold. Caguas, 10 de Octubre de 1903.—El Registrador, S. Abella Bastón."

*Resultando :* que contra esta nota ha interpuesto en tiempo el Abogado Don Juan de Guzmán Benitez, á nombre del "Banco Colonial Americano de Puerto Rico," el presente recurso gubernativo ante este Tribunal Supremo para que se revoque dicha nota y se le ordene al Registrador que practique la inscripción de la escritura, gratuitamente, y se le condene al pago del franqueo y de la cantidad no mayor de cincuenta pesos, que la Sala estime justa en concepto de honorarios y agencias al Abogado defensor del recurrente.

Abogado del recurrente : *Sr. Guzmán Benitez (Juan).*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando :* que si bien con arreglo al Art. 20 de la Ley Hipotecaria, vigente en esta Isla, cuando el dominio ó la posesión de los bienes inmuebles ó derechos reales resulte inscrito á favor de persona distinta de la que otorgue la trasmisión ó gravamen, deben los Registradores denegar la inscripción del documento presentado; este precepto no es de aplicarse en el presente caso, toda vez que inscrita como está la participación de que se trata á favor de la Sociedad "R. Fabián & Ca.," aunque ésta haya sido disuelta, continúa su personalidad bajo la representación de los liquidadores elegidos por los socios, á los efectos de la liquidación, que expresa el Art. 228 del Código de Comercio; y siendo precisamente el otorgante de la escritura de venta de que se trata uno de los liquidadores nombrados en la escritura de disolución de la Sociedad, y estando expresamente autorizado en la misma escritura para realizar las existencias y demás bienes de todas clases de la Sociedad que es uno de los medios,

because of the incurable defects of its ownership in common appearing recorded in the name of the firm of 'R. Fabián & Co.', a person other than the true one, namely, the firm of 'R. Fabián & Co. in Liquidation', and in said document the representation claimed by Edwin L. Arnold is not established. Caguas, October 10, 1903.—S. Abella Bastón, Registrar."

From this decision Juan de Guzmán Benítez, Esq., on behalf of the American Colonial Bank of Porto Rico, in due time took an appeal to this Supreme Court, praying that said decision be reversed and the Registrar ordered to record the deed free of charge, and to pay for the stamps and a sum not exceeding fifty dollars, which in the opinion of the court may cover the fees and expenses of counsel for appellant.

*Mr. Juan de Guzmán Benítez,* for appellant.

MR. CHIEF JUSTICE JOSÉ S. QUIÑONES, after making the above statement of facts, rendered the opinion of the court.

Although, according to article 20 of the Mortgage Law, in force in this Island, when the ownership or possession of real property or property rights appears recorded in favor of a person other than the one executing the transfer or encumbrance, registrars shall refuse to record the document presented, this provision is not applicable in the present case, for the share in common referred to, being recorded in favor of the firm of "R. Fabián & Co.", although said firm has been dissolved, the personality thereof continues under the representation of the liquidators appointed by the partners, for the purposes of the liquidation mentioned in article 228 of the Code of Commerce; and as the party executing the deed of sale in question is one of the liquidators appointed in the deed of dissolution of the partnership, and he being expressly authorized in aforesaid deed to dispose of the stocks and other properties of all kinds belonging to the firm, which is one of the means, in fact, the most adequate to effect the liquidation thereof, it is evident that in the present case that lack of identity claimed

el más adecuado precisamente, para llevar á efecto la liquidación de la misma, es evidente que no existe en el presente caso la falta de identidad que objeta el Registrador entre la persona á cuyo favor aparece inscrito el condominio de que se trata y la que aparece enagenándolo, y por consiguiente, que es perfectamente inscribible la escritura de venta otorgada por el liquidador de "R. Fabián & Ca."

by the registrar between the person in whose favor the share in common is recorded, and the one appearing as the vendor thereof, does not exist, and, therefore, the deed of sale executed by the liquidator of "R. Fabián & Co." is perfectly recordable.

As to the failure to show that the other party appearing, Edwin L. Arnold, was the representative of the American Colonial Bank of Porto Rico, this defect does not nullify the obligation, and is, therefore, a curable defect which does not preclude the admission to record of the deed in the manner prescribed by section 4 of an act of the Legislative Assembly of Porto Rico, to provide for appeals from the decisions of Registrars of Property, approved March 1, 1902.

In view of the aforesaid legal provisions, the decision of the Registrar of Property of Caguas, entered at the end of the deed of sale in question, is reversed, and said document declared recordable with the curable defect that Edwin L. Arnold's representation of the American Colonial Bank of Porto Rico has not been established. This decision is ordered to be communicated to the registrar for compliance therewith, he being admonished to see to it that the provisions of aforesaid act of the Legislative Assembly are strictly complied with in the future by entering the cautionary notice ordered in section 4 of said act, with the warning that he will be held responsible should he fail to do so, as has been the case in the present instance. The document presented is directed to be returned to the appellant.

Justices Hernández, Sulzbacher and MacLeary concurred.
Mr. Justice Figueras did not sit at the hearing of this case.